King, J.
This is an action to reverse the judgment of the common, pleas affirming a judgment of a justice of the peace. Suit was brought by Tombow against Haskins before a justice of the peace, to recover upon an account of $19.75. There-was also appended to the bill of particulars an affidavit of attachment, alleging that defendant was a non-resident of Lucas county, and attachment process was issued and a. notice of garnishment was served upon The Lloyd Lumber Company, garnishees. Thé garnishees appeared in court, and answered that they were owing to the defendant $40, and thereupon the defendant filed a motion to discharge the attachment and garnishee process, for the reasons: “First, that the property about to be attached and money garnisheed-is exempt from execution under the laws of the state of Ohio; and, second, the insufficiency of the affidavit of attachment.” The justice sustained the attachment, but the *657 common pleas reversed it. Now tbe plaintiff below seeks-to have the judgment of the common pleas reversed, because it is claimed that the court erred in holding that the money in question was exempt from execution. It is said, in argument, that the motion to discharge was supported by affidavits which clearly showed .that defendant was the head' of a family — a married man, living with his wife, and supporting her — and, as a conclusion of law, that the property was exempt under the laws of the state, but no other facts-showing whereby it was exempt. These affidavits, we should say, contained the further statement that he owned no-homestead, either he or his wife, or real estate. The principal contention made here by the plaintiff in error is, that there was no selection made by defendant below, as required by the statute, sec. 5441, which provides:
“Husband and wife living together, a widower living with an unmarried daughter or minor son, every widow and every unmarried female having in good faith the care, maintenance and custody of any minor child or children of a deceased relative, residents of Ohio, and not the owner of •a homestead, may in lieu thereof, hold exempt from levy and sale, real and personal property to be selected by such person, his agent or attorney, at any time before sale, not exceeding five hundred dollars in value, in addition to the amount of chattel property otherwise by law exempted.”
From the reading of that it would seem that the substance-of the statute applies to a levy that is so made upon chattel' property, and therefore, that it was necessary for the defendant to appear and select property enough to make up five-hundred dollars in value, and make a demand upon the officer. But in the case before us there was a garnishee’s process served by the officer — and of course in the absence of defendant — and the person garnisheed, simply came into-court by virtue of the provisions of law-and answered as to the amount of money in his possession owing to defendant, and paid the"money over to the justice of the peace. No- *658 opportunity, therefore, could have been afforded to the defendant to appear before the officer and demand that this •property be set off to him; the only person he couid appear before was the justice of the peace, and we think he did that when he filed this motion to discharge the attachment, up-on the ground that this money in question was exempt under ■this provision of the statute, he being the head of a family and not the owner of a homestead.
These statutes have been liberally construed by the courts, to effect the objects and purposes of them. It is certain “that this application must be made to the justice of the peace, and it would hardly do to hold that it was not made in proper form in this case — coming in the form of a motion. .It seems to be direct, and it specifies exactly why the attachment should be released from this money: because, as the ■motion states, it was exempt from execution under the statutes of the state of Ohio; and, if exempt at all, it is conceded that it must be exempt under this particular statute.
We think, therefore, that the court of common pleas did ■not err in the reversal of the judgment of the justice of the peace, and its judgment will be affirmed.
Another question was made in the case by the plaintiff in .error, and that is, that this judgment of the court of common pleas is erroneous because it did not set the case down ■ for trial in the court of common pleas in accordance with "the provisions of the statute relating to such judgments of justices — and a decision from the first circuit is cited. As •to that I will say this, that the proceedings before the common pleas do not show whether the defendant asked the ■ court to have that provision made. So far as appears by the record, the defendant was present. The court made ■this order, on the ÍOth of July:
“That the order of the justice of the peace, refusing to discharge the attachment in said case, be reversed; that ••'the plaintiff in error recover from the defendant in error *659 the costs of this proceeding; and that execution issue therefor. To all of which findings, rulings and orders the-defendant in error then and there duly excepted, ”
Whether the court set the case down for hearing or not,, at that time, does not appear in the entry.
On the 22d of December, 1897, some months after that,, this order was made:
“This cause coming on this day for hearing upon the motion of the plaintiff in error for judgment upon the findings heretofore made by this court, was submitted to the court upon the record and nothing else, and the court finding that the plaintiff in error is entitled to judgment upon the findings of this court heretofore rendered herein, it orders the attachment issued by Joseph R. Cooper, a justice of the peace, to be, and the same is here' by discharged.
“To all of which said rulings, findings and orders of the court, the defendant in error, by his attorney, then and there duly excepted.”
The defendant seems to have been there to except to this-judgment of the court, but does not seem to have asked the-court todo anything else. Now then,- to have made an exception there which would have been available — for the defendant claims that he should have had an opportunity to-be heard — he ought to have offered testimony to the court, or asked for time to hear testimony; but nothing of that kind was done. As it appears by the record, the defendant was present. The case was submitted upon the previous record containing these affidavits attached to it, and the court thereupon rendered judgment, and all that defendant' did in relation to it was to except to the judgment. That certainly would not be sufficient. He must by himself have made some motion — asked the court to do something, to-hear testimony, or do something else besides taking exceptions to the ruling. But he did not offer to produce any *660 testimany or claim that he had any other evidence than that contained in the record; so that the judgment will have to. be affirmed,
Ralph S. Holbrook, for Plaintiff in Error.
Chittenden & Chittenden, for Defendant in Error.